## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### PINE BLUFF DIVISION

JOSHUA KIMBLE
ADC #151262                                                                                           PLAINTIFF

V.                                      NO. 5:12CV00377-DPM-BD

STEPHEN WILLIAMS,  Warden,
Tucker Unit of the Arkansas
Department of Correction, *et al.*                                                                    DEFENDANTS


### RECOMMENDED DISPOSITION

**I.      Procedures for Filing Objections:**

This Recommended Disposition ("Recommendation") has been sent to United

States District Judge D.P. Marshall Jr.  Any party may file written objections to this

Recommendation.

Objections must be specific and must include the factual or legal basis for the

objection.  An objection to a factual finding must identify the finding of fact believed to

be wrong and describe the evidence that supports that belief.

An original and one copy of your objections must be received in the office of the

United States District Court Clerk within fourteen (14) days of this Recommendation.  A

copy will be furnished to the opposing party.

If no objections are filed, Judge Marshall can adopt this Recommendation without

independently reviewing all of the evidence in the record.  By not objecting, you may also

waive any right to appeal questions of fact.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## II.     Background:

Plaintiff Joshua Kimble, an inmate at the Arkansas Department of Correction's

Randall Williams Correctional Facility, has filed a pro se complaint (docket entry #2)

under 42 U.S.C. § 1983.  He claims that while an inmate at the ADC's Tucker Unit he,

along with 260 other inmates, contracted food poisoning.  (#2 at p. 7)

Mr. Kimble claims that Defendant Stephen Williams, the Warden of the Tucker

Unit, is liable because he was the supervisor of those responsible for the food poisoning –

an incident that amounted to cruel and unusual punishment.  He also claims that

Defendant Williams violated his Fourteenth Amendment due process rights by failing to

respond to his grievance by the date set forth on the acknowledgment form.  (#2 at pp. 4,

6-7)

Mr. Kimble claims that Defendant Mary Cobbs, a Major at the Tucker Unit, is

"over the staff members . . . including the kitchen supervisors" who "didn't do their job"

and consequently failed to protect him and subjected him to cruel and unusual

punishment.  (#2 at p. 7)

Similarly, he claims that Defendant McAfee, the Kitchen Captain at Tucker is

liable because she is "over the kitchen and the supervisors that work in the kitchen" and

failed to make sure there was not food in the kitchen that would spread food poisoning."

He claims that Defendant McAfee's actions violated his Eighth Amendment rights and

his Fourteenth Amendment Equal Protection rights. (#2 at pp. 7-8)

Finally, Mr. Kimble claims that Ray Hobbs, Director of the ADC, is liable to him

because he was the employer. He claims that Defendant Hobbs violated his Eighth

Amendment, Fourteenth Amendment Due Process, and Equal Protection rights and failed

to protect him. (#2 at p. 8)

### III.    Discussion:

#### A.    Standard of Review

Federal courts are required to screen prisoner complaints that seek relief against a

government entity, officer, or employee. Courts dismiss those parts of a complaint raising

claims that are frivolous, malicious, fail to state a claim upon which relief may be

granted, or that seek money from a defendant who is immune from paying damages. 28

U.S.C. § 1915A(b).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a state

employee deprived him of a right, privilege, or immunity secured by the United States

Constitution or by laws of the United States. 42 U.S.C. § 1983. A complaint does not

have to include detailed factual allegations, but it must include enough facts to state a

claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct.

1937, 1940 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955

(2007)).  "A claim has facial plausibility when the pleaded factual content allows the

court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Iqbal*, 556 U.S. at 663.  Pro se complaints are construed liberally, but they still

must include "enough facts to support the claims advanced." *Stone v. Harry*, 364 F.3d

912, 914 (8th Cir. 2004).

Based on the allegations raised in the Complaint, Mr. Kimble's claims should be

DISMISSED with prejudice.

B.     Eighth Amendment

Mr. Kimble's main complaint is that Defendants subjected him to food poisoning,

thereby violating his Eighth Amendment right to be free of cruel and unusual punishment.

Even assuming, as Mr. Kimble suggests, that the food he was served at the Tucker Unit

caused his illness, he has not stated a claim for which relief can be granted.

To establish an Eighth Amendment violation, a plaintiff must show that he

suffered a deprivation that was "objectively, sufficiently serious," resulting in "the denial

of the minimal civilized measure of life's necessities," and that the responsible prison

official acted with "deliberate indifference to inmate health or safety." *Farmer v.*

*Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970 (1994) (internal quotation marks and

citations omitted).

Mr. Kimble's claim against these Defendants is based on a single instance in

which Defendants allegedly served him contaminated food.  Mr. Kimble does not allege

he was served contaminated food on any other occasion.  The facts alleged in Mr.

Kimble's complaint do not rise to the level of  a constitutional violation.  See *Green v.*

*Atkinson*, 623 F.3d 278, 281 (5th Cir. 2010) ("A single incident of food poisoning or

finding a foreign object in food does not constitute a violation of the constitutional rights

of the prisoner affected."); *Tucker v. Metts*, No. 2:10–1316, 2011 WL 1085031, at \*4

(D.S.C. Feb.17, 2011) ("The law is clear that a single incidence of unintended food

poisoning is not a constitutional violation"); *Huff v. Steed*, No. 6:07CV06013, 2007 WL

4181820 at \*10 (W.D. Ark. Nov. 21, 2007) (the presence of a foreign substance in

plaintiff's food on one occasion did not state a constitutional claim); *Danneman v.*

*Schoemehl*, 601 F. Supp. 1017, 1018 (E.D. Mo. 1985) (an isolated instance of

contaminated prison food did not rise to the level of a constitutional violation cognizable

under § 1983).

At most, the facts alleged in Mr. Kimble's complaint state a negligence claim.

Allegations of negligence are not enough, however, to support an Eighth Amendment

claim.  Asking Mr. Kimble to amend would be futile.  Accordingly, his Eighth

Amendment claims against all Defendants should be dismissed with prejudice.

B.      Failure to Protect

Mr. Kimble claims that Defendant Cobbs and Defendant Hobbs failed to protect

him.  Prison officials have a duty to protect prisoners and detainees.  See *Farmer v.*

*Brennan*, 511 U.S. 825, 833, 114 S.Ct. 1970 (1994).  And they violate an inmate's

constitutional rights when they are deliberately indifferent to a substantial risk of serious harm.

To prove deliberate indifference, an inmate must make a two-part showing: first, that the deprivation of rights was sufficiently serious; and second, that prison officials had a sufficiently culpable state of mind.  The deprivation is deemed sufficiently serious when the official's failure to protect resulted in the inmate's incarceration under conditions that pose a substantial risk of serious harm.  An official is deliberately indifferent if he or she actually knows of the substantial risk but fails to respond reasonably to that risk.  *Nelson v. Shuffman*, 603 F.3d 439, 446 (8th Cir. 2010).

As set forth above, the allegations in Mr. Kimble's complaint do not amount to a deprivation of his constitutional rights.  Further, although Mr. Kimble alleges that Defendants Hobbs and Cobb breached their duty to protect him, he has provided no facts to show that these Defendants were personally involved in the events giving rise to this lawsuit.  To establish a defendant's liability in a § 1983 case, a plaintiff must plead and prove "a causal link to, and direct responsibility for, the deprivation of rights." *Clemmons v. Armontrout*, 477 F.3d 962, 967 (8th Cir. 2007).

To the extent Mr. Kimble attempts to hold these individuals liable based upon their roles as supervisors, the claim fails.  Supervisors cannot be held liable in a 42 U.S.C. § 1983 lawsuit for the misconduct of subordinates based only on the employment relationship.  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1948 (2009); *Parrish v. Ball*, 594 F.3d

993, 1001 (8th Cir. 2010); see also *Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997) (holding that the "general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support [§ 1983] liability").

Here, Mr. Kimble alleges that Defendants Hobbs and Cobb breached their duty to protect him, but he does not claim that these Defendants authorized any of the conduct giving rise to this lawsuit or that either was aware of any unconstitutional pattern of conduct prior to this incident.  Therefore, he has not stated a claim for relief against either Defendant Hobbs or Cobb.

C.      Due Process

Mr. Kimble also claims Defendant Williams violated his Fourteenth Amendment due process rights by failing to respond to his grievance by the date printed on the acknowledgment form.  (#2 at pp. 4, 6-7)  This claim should also be dismissed.

On a practical level, Mr. Kimble's due process claim fails because the ADC grievance procedure allows an inmate to continue the grievance process and appeal to the next level even without a timely response to the grievance.  In other words, Mr. Kimble was not deprived of his use of the grievance process simply because he did not receive a timely response to his initial grievance.

Additionally, the facts alleged in the complaint do not state a Fourteenth Amendment Due Process claim.  To prevail, he would have to show that he was deprived of life, liberty or property by government action.  *Phillips v. Norris*, 320 F.3d 844, 846

(8th Cir. 2003).  The only conceivable constitutional right implicated in this case is a

liberty interest.  The Eighth Circuit has squarely held, however, that inmates do not have a

liberty interest in the administrative remedy procedure.  *Buckley v. Barlow*, 997 F.2d 494,

495 (8th Cir. 1993).  "[A prison] grievance procedure is a procedural right only, it does

not confer any substantive right upon the inmates."  *Id*. (internal citations omitted).  In

addition, Mr. Kimble has no constitutional interest in having state officers follow state

law or prison officials follow prison regulations.  *Kennedy v. Blankenship*, 100 F.3d 640,

643 (8th Cir. 1996).  Mr. Kimble has not stated a due process claim for relief.

## IV.   Conclusion:

The Court recommends that Mr. Kimble's claim that he suffered food poisoning be

DISMISSED without prejudice and that his remaining claims be DISMISSED with

PREJUDICE, for failure to state a claim.

DATED this 17th day of October, 2012.

_____
UNITED STATES MAGISTRATE JUDGE